1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Michael D. Murphy
4  Assistant United States Attorney
   402 E. Yakima Ave., Suite 210
5  Yakima, WA 98901
   Telephone: (509) 454-4425
6

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 18 2025

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

7          UNITED STATES DISTRICT COURT
8      FOR THE EASTERN DISTRICT OF WASHINGTON

9  UNITED STATES OF AMERICA,          Case No.: 1:23-CR-02071-MKD
10                   Plaintiff,        Plea Agreement
11
12              v.
13  BRYAN CHRISTOPHER STEVENSON,
14                   Defendant.
15
16

17      Plaintiff United States of America, by and through Vanessa R. Waldref,

18  United States Attorney the Eastern District of Washington, and Michael D.

19  Murphy, Assistant United States Attorney for the Eastern District of Washington,

20  and Defendant Bryan Christopher Stevenson ("Defendant"), both individually and

21  by and through Defendant's counsel, Jennifer Barnes, Esq., agree to the following

22  Plea Agreement.

23      1.    Guilty Plea and Maximum Statutory Penalties

24      Defendant agrees to enter a plea of guilty to Counts 2, 4, 6, 8, 10, 12, 13, and

25  14 of the Indictment filed on December 12, 2023, which charge Defendant with

26  Online Enticement and Attempted Online Enticement, in violation of 18 U.S.C.

27  § 2422(b), a Class B felony and Count 15 of the Indictment, which charges

28

PLEA AGREEMENT - 1

Defendant with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), a Class C Felony.

Defendant understands that the following potential penalties apply to Counts 2, 4, 6, 8, 10, 12, 13, and 14:

    a.    a term of imprisonment of not less than 10 years and up to a lifetime;

    b.    a term of supervised release of not less than 5 years and up to a lifetime;

    c.    a fine of up to $250,000;

    d.    mandatory registration as a sex offender;

    e.    restitution; and

    f.    a $100 special penalty assessment.

Defendant understands that the following potential penalties apply as to Count 15:

    a.    a term of imprisonment of not more than 20 years;

    b.    a term of supervised release of not less than 5 years and up to a lifetime;

    c.    a fine of up to $250,000;

    d.    restitution;

    e.    mandatory registration as a sex offender;

    f.    a mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015, absent a judicial finding of indigence;

    g.    a mandatory special assessment of no more than $17,000 pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018; and

    h.    a $100 special penalty assessment.

PLEA AGREEMENT - 2

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

    b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

PLEA AGREEMENT - 3

      d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

      e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

      f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

      a.    pleading guilty in this case may have immigration consequences;

      b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

      c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

      d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the

PLEA AGREEMENT - 4

following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.   <u>Rule 11 Nature of the Plea Agreement</u>

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a sentence of no less than 240 months (20 years) and no greater than 360 months (30 years) in custody, to be followed by no less than ten years and up to a lifetime of Supervised Release. The United States and Defendant agree to make those sentencing recommendations to the Court. Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 360

PLEA AGREEMENT - 5

months (30 years) or indicates its intent to do so.  Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 240 months (20 years) or a term of supervised release of less than ten years, or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard.  The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

7.    Admissibility of Facts and Prior Statements

By signing this Plea Agreement, Defendant admits the truth of the facts set forth in the Factual Basis section of this Plea Agreement and agrees that these facts, along with any written or oral statements Defendant makes in court, shall be deemed usable and admissible against Defendant in any subsequent legal proceeding, including criminal trials and/or sentencing hearings, under Federal Rule of Evidence 801(d)(2)(A).

Defendant acknowledges, admits, and agrees that by signing this Plea Agreement, Defendant is expressly modifying and waiving Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410

PLEA AGREEMENT - 6

with regard to any facts Defendant admits and/or any statements Defendant makes in court.

8.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Online Enticement and Attempted Online Enticement of a Minor, as charged in Counts 2, 4, 6, 8, 10, 12, 13, and 14, in violation of 18 U.S.C. § 2422(b), the United States would have to prove the following beyond a reasonable doubt.

a.    *First*, on or about the dates specified in the Indictment as to each count, within the Eastern District of Washington, Defendant used a facility or means of interstate commerce, namely, the Internet, to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, to engage in sexual activity;

b.    *Second*, Defendant could have been charged with a criminal offense for that sexual activity, namely, Production of Child Pornography in violation of 18 U.S.C. 2251(a),(e); and

c.    *Third*, Defendant believed that the individual he attempted to persuade, induce, entice, or coerce was under the age of 18; and

d.    *Fourth*, Defendant did something that was a substantial step toward committing the crime that strongly corroborated his intent to commit the crime. A "substantial step" is conduct that strongly corroborated a defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

The United States and Defendant agree that in order to convict Defendant of Possession of Child Pornography, as charged in Count 15, in violation of 18 U.S.C. § 2252A(a)(4)(B), (b)(2), the United States would have to prove the following beyond a reasonable doubt.

    a.   *First*, on or about August 30, 2022, within the Eastern District of Washington, Defendant knowingly possessed any matter that that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

    b.   *Second*, the defendant knew the visual depictions contained in the matters showed minors engaged in sexually explicit conduct;

    c.   *Third*, the defendant knew that production of such visual depictions involved the use of minors in sexually explicit conduct; and

    d.   *Fourth*, the visual depictions had been transported using any means or facility of interstate commerce or produced using materials that had been shipped or transported using any means or facility of interstate commerce or had been shipped and transported in and affecting interstate and foreign commerce by any means including by computer.

9.   <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes,

PLEA AGREEMENT - 8

additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

Defendant is a resident of Yakima, Washington and knowingly undertook the conversations with minor females described below while living in Yakima and staying within the Eastern District of Washington.

On or about between July 5, 2021 and August 14, 2021, Defendant sent payments over the internet to Minor 1, a child born in 2004, in return for nude images and videos of her. In his Instagram account "youngbs5280", law enforcement agents found conversations with Minor 1 in which Defendant requested Minor 1 perform different sexual acts on camera and offered to send her money in return for performing those acts. In an interview conducted September 1, 2022, after being advised of his rights pursuant to Miranda, Defendant admitted to receiving nude images from Minor 1, including videos of her masturbating in the shower, and to conversing with Minor 1 via Instagram and Snapchat. Minor 1 confirmed to law enforcement that she communicated with a person using one of the accounts identified as Defendant's and sent nude images to that account in exchange for money. Minor 1 stated that she provided her age to the person she was communicating with. Law enforcement found nude images and videos of Minor 1 masturbating in Defendant's Gmail account and on his iPad as well as screenshots of CashApp payments by Defendant to Minor 1.

On or about between April 6, 2022 and August 30, 2022, Defendant sent payments to Minor 2, a child born in 2006, in return for nude images and videos of nudity and sexual acts. Communications with Minor 2 were found by law enforcement in Defendant's email account "youngbs5281@gmail". Defendant admitted making payments to Minor 2 in exchange for nude images and videos of sexual acts. Defendant requested Minor 2 send images or videos of her performing different sexual acts and offered to pay her in exchange for those visual depictions. At one point, Defendant sent a message in which he compliments Minor 2 as "such

PLEA AGREEMENT - 9

a beautiful and sexy 15-year-old". Law enforcement found nude images of Minor 2 and videos of Minor 2 nude in the shower in Defendant's Gmail account and on his iPad as well as screenshots of CashApp payments by Defendant to Minor 2.

On or about between about September 25, 2020 and August 30, 2022, Defendant exchanged approximately 1,000 messages on Instagram with Minor 3, a child born in 2007. At the beginning of the conversation, Defendant represented that he was 16 years old. Minor 3 identified herself as 13 years old. Defendant responded that she looked older and was "very sexy for [her] age". Defendant sent Minor 3 an image of his penis and offered to trade nude images with Minor 3. He also requested that she send him nude images or videos and offered to pay her for a video of her having sex or masturbating. Minor 3 sent nude images to Defendant in response to his requests.

On or between about September 13, 2020 and August 30, 2022, Defendant exchanged thousands of messages over the internet with Minor 4, a child born in 2007. Defendant contacted Minor 4 using the name "Sean Hunter" and the Instragram account "Sean_2580". He also contacted Minor 4 over the internet using the names "Sara Garza", "Taylor Givens" and "Tay Tay Givens" and utilizing profile pictures of a minor female for the associated social media accounts. Law enforcement located two videos of Minor 4 nude and masturbating on Defendant's iPad. In his communications with Minor 4, Defendant complimented her and requested nude images from her. Defendant also encouraged Minor 4 to have sex prior to going to church. Defendant contacted Minor 4 using the persona "The One Guy" over Instagram and claimed to have videos of her naked. Defendant threatened to send those videos to Minor 4's parents and members of her church unless she provided him with additional videos. As "Sara Garza", Defendant encouraged Minor 4 to accede to the requests from "The One Guy" and to send him videos of herself masturbating. In his interview on September 1, 2022 Defendant admitted to possessing nude images of Minor 4.

PLEA AGREEMENT - 10

On or between about March 27, 2021 and August 30, 2022 Defendant exchanged approximately 600 messages over Instagram with Minor 5, a child born in 2007. Defendant complimented Minor 5 and asked if she was ok with "sex talk" and offered "at least $30" for a masturbation video "at least $60" for a 5-10 minute video of Minor 5 having sex. In 2022, Defendant sent a message to Minor 5 wishing her "Happy Birthday" and asking if she had any goals now that she was 15.

On or between about October 23, 2020 and December 10, 2021, Defendant exchanged approximately 276 messages over the internet with Minor 6, a child born in 2007. Defendant sent a first message to Minor 6 on October 23, 2020 in the persona of another female child, "Kayla Miller", over Instagram and told Minor 6 she was "gorgeous". Over the course of the conversation, Defendant told Minor 6 he would love to see her nude photos. At one point, speaking as a minor female, Defendant told Minor 6 he was thinking of selling nude images and asked for advice, then asked if she would sell nudes for the price he claimed to be asking. Defendant also sent Minor 6 information for one of his Instagram and one of his Snapchat accounts and, in his female persona, represented that they were the accounts of a male his female persona was selling nude images to and encouraged Minor 6 to sell nudes to that person.

On or between about September 28, 2020 and October 10, 2020, Defendant used the Instagram account "seah_h2510" to contact Minor 7, a child born in 2009 and purported to be a teenage male. In this persona, Defendant exchanged approximately 200 messages with Minor 7. After Minor 7 told Defendant that she was eleven years old, he requested to meet with her. He also encouraged her to send him a video of her masturbating. Defendant also offered to exchange a video of himself ejaculating in exchange for a video of Minor 7 masturbating with a hairbrush.

PLEA AGREEMENT - 11

On or between about May 28, 2020 and December 25, 2020, Defendant exchanged approximately 2,164 messages with Minor 8, a child born in 2009 via Instagram. Minor 8's Instagram page indicated that she anticipated graduating high school in 2026. Defendant represented to Minor 8 that he was 16 years old and told her he was attracted to her. He asked her to send him "sexy pictures" and told her that sending nudes and images of sex or masturbation was not a bad thing. On August 7, 2020, Defendant sent a message to Minor 8 saying "I really like you a lot. But I have to be honest, I have a strong sex drive and I can't help but think about you sexually. I really want you. I desperately want to see your naked body, it actually hurts how bad I want to see it. But I also really like the rest of you, you are sweet, funny, an amazing personality. You are my favorite person to talk to. But the need to see you naked is very strong too. I had to get this off my chest. I love you and I hope you understand."

Forensic extraction and review of Defendant's iPad and review of the contents of his Google account revealed approximately 172 images and 45 videos of minors engaging in sexually explicit conduct, including images of other pre-pubescent minors, such as a video titled "April's first facial" in which an adult male ejaculates on the face of a female child of approximately 4-6 years of age. In his interview, Defendant admitted to having sexual interest in girls approximately twelve years of age and to possessing images and videos of nude minor girls. Defendant described uploading photos and videos of nude minor girls to the Mega application from his Gmail account shortly before his Gmail account was shut down and then re-uploading the images to a new Gmail account.

10.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts 1, 3, 5, 7, 9 and 11 of the Indictment filed on December 12, 2023, which charge

PLEA AGREEMENT - 12

Defendant with Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

11.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level

The United States and the Defendant agree that the base offense level for Online Enticement is 28. U.S.S.G. § 2G1.3(a)(3). The United States and the Defendant agree that the base offense level for Possession of Child Pornography is 18. U.S.S.G. § 2G2.2(a)(1).

b.    Special Offense Characteristics

The United States and the Defendant do not have any agreement with respect to special offense characteristics.

c.    Acceptance of Responsibility

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

        i.    accepts this Plea Agreement;

        ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

PLEA AGREEMENT - 13

iii.     demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv.      provides complete and accurate information during the sentencing process; and

v.       does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    d.     Agreements Regarding Representations to the Court

The United States has a duty of candor to the tribunal.  If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i.      The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii.     The United States and Defendant may each supplement the facts under consideration by the Court by providing

PLEA AGREEMENT - 14

1    information the United States or Defendant deems

2    relevant;

3    iii.    The United States and Defendant may each present and

4    argue any additional facts that the United States or

5    Defendant believe are relevant to the Sentencing

6    Guidelines computation or sentencing;

7    iv.    The United States and Defendant may each present and

8    argue information that may already be known to the

9    Court, including information contained in the

10    Presentence Investigation Report;

11    v.    The United States and Defendant may each respond to

12    any arguments presented by the other;

13    vi.    In order to support the United States' sentencing

14    recommendation as set forth herein, the United States

15    may oppose and argue against any defense argument or

16    any recommendation for any sentence lower than the

17    sentence recommended by the United States on any basis,

18    including arguments for a lower offense level, a lower

19    criminal history calculation, the application or non-

20    application of any sentencing enhancement or departure,

21    and/or any variance from the Guidelines range as

22    calculated by the Court;

23    vii.    In order to support the defense sentencing

24    recommendation as set forth herein, Defendant may

25    oppose and argue against any argument by the United

26    States, or any recommendation for any sentence higher

27    than the sentence recommended by the defense on any

28    basis, including arguments for a higher offense level, a

PLEA AGREEMENT - 15

higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii.   The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix.   Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e.   <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

f.   <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

12.   <u>Incarceration</u>

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a

PLEA AGREEMENT - 16

1 recommendation does not prohibit or limit in any way the United States' ability to
2 argue for or against any future sentencing modification that takes place after
3 Defendant's original sentencing in the District Court, whether that modification
4 consists of an amendment to the Guidelines, a change to a statutory minimum or
5 maximum sentence, any form of compassionate release, any violation of
6 Supervised Release, or any other modification that is known or unknown to the
7 parties at the time of Defendant's original criminal sentencing. In this Plea
8 Agreement, the United States makes no promises or representations about what
9 positions the United States will take or recommendations the United States will
10 make in any proceeding that occurs after Defendant's original sentencing in the
11 District Court.

12      The United States and Defendant may each recommend any term of
13 incarceration of no less than 240 months (20 years) and no greater than 360 months
14 (30 years) imprisonment.

15      13.   Supervised Release
16      The United States and Defendant each agree to recommend no less than 10
17 years of supervised release. Defendant agrees that the Court's decision regarding
18 the conditions of Defendant's Supervised Release is final and non-appealable; that
19 is, even if Defendant is unhappy with the conditions of Supervised Release ordered
20 by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty
21 plea, withdraw from this Plea Agreement, or appeal Defendant's conviction,
22 sentence, or any term of Supervised Release.

23      The United States and Defendant agree to recommend that in addition to the
24 standard conditions of supervised release imposed in all cases in this District, the
25 Court should also impose the following conditions:

26             a.    The United States Probation Officer may conduct, upon
27                   reasonable suspicion, and with or without notice, a search of
28

PLEA AGREEMENT - 17

Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b.  Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c.  Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider.  Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  Defendant shall contribute to the cost of treatment according to the Defendant's ability.

d.  Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts.  Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action.  Failure to provide accurate account information may be grounds for revocation.  The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

14.    Criminal Fine

The United States and Defendant do not recommend the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

15.    Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in all assets listed herein, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

- an Apple iPad, serial number DMRZ76RJMF3M.

Defendant stipulates that Defendant is the sole owner of the assets listed above and that no one else has an interest in these assets.

Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses to which Defendant is pleading guilty.

Defendant agrees to take all steps requested by the United States to pass clear title to these assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and/or forfeiture of the assets listed above.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this Plea Agreement. Defendant waives all constitutional, equitable and statutory

PLEA AGREEMENT - 19

challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of these assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to forfeiture.

16.    <u>Mandatory Special Penalty Assessment</u> .

Defendant agrees to pay the $900 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

17.    <u>Restitution</u>

The United States and Defendant agree that restitution is required. 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport with Defendant's relative role in the causal process that underlies the general losses of the victims. *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing counts and/or agreeing not to bring additional charges, Defendant voluntarily agrees to pay restitution to all victims of child pornography that Defendant distributed, received, and/or possessed, as set forth in the discovery in this case, whether or not Defendant pleads guilty to counts charging that specific conduct, and whether or not such counts are foregone pursuant to this Plea Agreement.

Defendant understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including,

PLEA AGREEMENT - 20

in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

For any victim against whom Defendant's conduct occurred on or after December 7, 2018, Defendant agrees that such victims shall be entitled to restitution as if the AVAA applied to Defendant's conduct and agrees that the Court should order restitution in an amount that reflects Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement.

With respect to restitution, the United States and Defendant agree to the following:

a.    Restitution Amount and Interest

The United States and Defendant stipulate and agree that the Court should order restitution in an amount to be determined at or before sentencing, and that interest on this restitution amount, if any, should be waived.

b.    Payments

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

PLEA AGREEMENT - 21

c.    Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.

If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

d.    Obligations, Authorizations, and Notifications

Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant acknowledges and understands that Defendant's failure to timely and accurately complete and sign the Financial

PLEA AGREEMENT - 22

Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until Defendant's fine and restitution orders are paid in full, Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than within 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until Defendant's fine and restitution orders are paid in full, Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(F), Defendant understands and agrees that until Defendant's fine and restitution orders are paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

18.    Payments While Incarcerated

PLEA AGREEMENT - 23

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

19.    <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

20.    <u>JVTA and AVAA Special Assessments</u>

Defendant understands that Defendant will be required to pay a mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015, absent a judicial finding of indigence; and a mandatory special assessment of no more than $17,000, pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018.

21.    <u>Sex Offender Registration</u>

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours.

PLEA AGREEMENT - 24

1    Defendant agrees that during the duration of Defendant's registration

2  requirement, Defendant will notify and verify with the state sex offender

3  registration agency or agencies of any state in which Defendant lives or resides for

4  more than 72 hours, of changes to Defendant's name, place of residence, place of

5  employment, education, or religious worship, and any other information required

6  by such agency or agencies.

7    Defendant understands that Defendant will be subject to possible federal and

8  state penalties for failure to comply with any such requirements.  Defendant

9  understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law

10  enforcement agencies upon Defendant's release from confinement.

11    As a condition of Supervised Release, Defendant shall initially register with

12  the state sex offender registration of the state of Defendant's release, and shall also

13  register with the state sex offender agency in any state where defendant resides, is

14  employed, works, or is a student, as directed by the Probation Officer.

15    Defendant shall provide proof of registration to the Probation Officer within

16  72 hours of release.

17    22.    <u>Waiver of Appeal Rights</u>

18    Defendant understands that Defendant has a limited right to appeal or

19  challenge Defendant's conviction and the sentence imposed by the Court.

20    In return for the concessions that the United States has made in this Plea

21  Agreement, Defendant expressly waives all of Defendant's rights to appeal any

22  aspect of Defendant's conviction and/or the sentence the Court imposes, on any

23  grounds.

24    In return for the concessions that the United States has made in this Plea

25  Agreement, Defendant expressly waives all of Defendant's rights to appeal any

26  aspect of Defendant's conviction and/or the sentence the Court imposes, on any

27  grounds, so long as the Court imposes a term of incarceration consistent with this

28  Rule 11(c)(1)(C) Plea Agreement.  Defendant further expressly agrees that if the

PLEA AGREEMENT - 25

Court indicates its intent to impose a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, or indicates its intent to do so.

23.    <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

        a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

        b.    The United States may prosecute Defendant on all available charges;

        c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

        d.    The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate

PLEA AGREEMENT - 26

charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

24.   Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____        2/18/25
Michael D. Murphy                        Date
Assistant United States Attorney

PLEA AGREEMENT - 27

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____     2/12/25
Bryan Christopher Stevenson              Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____     2/12/2025
Jennifer Barnes                          Date
Attorney for Defendant

PLEA AGREEMENT - 28