Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington  98901
(509)  454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 1:23-CR-02071-MKD |
|---|---|
| Plaintiff, | PLAINTIFF'S SENTENCING |
| vs. | MEMORANDUM |
| BRYAN CHRISTOPHER STEVENSON, | |
| Defendant. | |

The United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

On February 18, 2025 Defendant pled guilty pursuant to a plea agreement to Counts 2, 4, 6, 8, 10, 12, 13 and 14, charging Enticement and Attempted Enticement of a Minor and Count 15, charging Possession of Child Pornography of the Indictment filed December 12, 2023. ECF 1, 46. (Indictment, Plea Agreement).

GOV'T SENT. MEMO.                    1

Pursuant to the Plea Agreement, the United States will move to dismiss Counts 1, 3, 5, 7, 9 and 11 of the Indictment, charging Production and Attempted Production of Child Pornography, at sentencing. ECF 46, pp. 12-13. The plea is made pursuant to Fed.R.Crim.P. 11(c)(1)(C) to a term of imprisonment of no less than 240 months and no greater than 360 months imprisonment, as well as no less than ten years of supervised release. ECF 46, pp. 6-7. Counts 2, 4, 6, 8, 10, 12, 13 and 14 each carry a ten-year mandatory minimum term of imprisonment. 18 U.S.C. § 2422(b).

I.   BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a total offense level of 43 after calculating the applicable enhancements and crediting a three-level decrease for acceptance of responsibility. ECF 137, ¶¶ 153-156. Defendant has a criminal history category of I, based upon a criminal history score of 0. *Id.* at ¶ 166. The guideline sentence of incarceration is life for Counts 2, 4, 6, 8, 10, 12, 13 and 14 and 240 months for Count 15, to be followed by no less than 5 years and up to lifetime of supervised release. *Id.* at ¶ 224. The United States agrees with the offense calculations in the Draft PSIR.

II.   DEPARTURES AND OBJECTIONS

The United States has no objections to the draft PSIR. The agreed range of punishment in the plea agreement is substantially under the Guideline recommendation. The United States recommends a variance to a 240 to 360 month

GOV'T SENT. MEMO.                       2

sentence of incarceration, rather than a life sentence. The basis for this variance is primarily that Defendant's plea of guilty encompasses his conduct toward each of the identified minor victims found in the investigation and resulted in those victims being spared the stress and embarrassment of testifying regarding the images of nudity and sexual behavior which Defendant inveigled from them. Testimony and cross examination regarding the production of those images would have likely inflicted significant trauma upon the victims and their families and the United States recommends a downward variance in recognition of the plea allowing them to avoid that. Further, a significant sentence of 240 to 360 months incarceration, should the Court accept the 11(c)(1)(C) plea agreement, should be sufficient to protect the public and accomplish the other goals set forth in 18 U.S.C. §3553(a).

> III.    SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

Defendant is a forty-two-year-old man and, at the time of the events leading to these charges, he was living in his parent's home in Yakima, Washington while working at a movie theater part time. ECF 8, Bail Report. For a period of over two years, until he was discovered by law enforcement, Defendant exchanged thousands of messages with pre-teen and early teen minor girls while seeking nude images and videos of them. ECF 50, ¶ 36, ECF 46, pp. 9-12. Some of the girls he paid money or offered money for images and videos. *Id.* at ¶¶ 37-45, 60-61. In other instances, he

misrepresented himself as a minor female or an underage male. *Id.* at ¶¶ 47, 49, 51, 62, 65, 67. In one set of communications, Defendant threatened to send images of one underage girl to people and pastors at her church, which he identified to her to show that he knew it, unless she provided him with nude images and videos. *Id.* at ¶¶ 52, 53, 56, ECF 46, p.10. Defendant also had images and videos of other child pornography beyond those which he had inveigled, solicited or extorted from the identified victims. ECF 46, p. 12.

Defendant notes that he was diagnosed with autism spectrum disorder in a psychosexual evaluation completed during the pendency of this case. ECF 50, ¶ 183. Assuming that the evaluation meets the standards for reliability, that the evaluator is qualified, and that the diagnosis is valid, it does not establish a link between being on the autism spectrum disorder and having a sexual interest in underage children. Further, it should be rejected as a basis for a downward variance or for a departure. *See United States v. Zuk*, 874 F.3d 398, 410-411 (4th Cir. 2017) (finding downward variance from 240 month guideline to 26 months based primarily upon defendant's diagnosis of autism spectrum substantively unreasonable); *United States v. Morais*, 670 F.3d 889, 892 (8th Cir. 2012) (affirming guideline sentence and rejecting claim that autism diagnosis dictated a sentencing variance); *United States v. Lange*, 445 F.3d 983 (7th Cir. 2006) (affirming guideline sentence where district court rejected claim that autism diagnosis supported a downward departure based on diminished capacity); *United States v. Sindoni*, 510 Fed. App'x 906 (11th Cir. 2013)(within guideline

sentence of 200 months upheld as reasonable despite defendant's Asperger's diagnosis and age)(unpublished); *United States v. Mandli*, Case No. 07-15246, 2008 WL 2123510 (11th Cir. May 21, 2008) (affirming within guideline sentence for defendant with Asperger's Syndrome convicted of child pornography possession) (unpublished disposition).

Given the nature and circumstances of this offense, a sentence at the top of the agreed range, that is, of 360 months, is appropriate.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). However, courts may not presume that a Guidelines sentence is reasonable and doing so is a procedural error. *Rita v. United States*, 551 U.S. 338, 351 (2007). A sentence of 360 months incarceration would reflect the seriousness of Defendant's pattern of victimizing young girls.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of 360 months incarceration is adequate to afford deterrence to criminal conduct. Defendant was soliciting minors for sexual images and videos as recently as the day that he was contacted by law enforcement. ECF 50, ¶¶ 30, 41. He used his position as a technical assistant at a church to pursue at least one of his victims. Id. ¶¶ 31, 51-58. In light of his ongoing conduct and willingness to attempt to

extort a thirteen-year-old girl into sending him nude images or videos, a sentence at the top of the agreed range is appropriate to deter Defendant from further conduct upon release. However, the United States does not recommend a criminal fine given the length of the recommended sentence of incarceration and Defendant's current inability to pay.

    4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence of 360 months, particularly if followed by a lifetime of supervised release, should be adequate to protect the public from further crimes by Defendant.

    5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Under the circumstances of this offense, a custodial sentence would incorporate Bureau of Prison programs such as sex offender treatment, which would be appropriate given the crimes committed here. Defendant would benefit from vocational training. *See* ECF 50, ¶ 187.

## IV.    RESTITUTION

Restitution in this case is mandatory, with a minimum threshold of $3,000 as Defendant's conduct occurred after December 7, 2018. 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Restitution requests have not been received from the victims identified in this case at this time. ECF 50, ¶¶ 73-80.

V.     GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of incarceration of 360 months followed by a term of supervised release for life. The United States does not seek a criminal fine. Defendant must pay a $900 Special Penalty Assessment. Defendant appears to be nearly indigent for the purposes of the JVTA assessment. *Id.* at ¶¶ 189-191. With respect to the AVAA assessment of up to $17,000 for Count 15, Defendant does not appear to have the current ability to pay and, if a sentence of 360 months incarceration is imposed, he is unlikely to meet any obligation to pay in the future.

DATED this 12th day of May, 2025.

                                              RICHARD R. BARKER
                                              Acting United States Attorney

                                              s/Michael D. Murphy
                                              MICHAEL D. MURPHY
                                              LETITIA A. SIKES
                                              Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

s/ Michael D. Murphy
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax: (509) 249-3297