1  Richard R. Barker
2  Acting United States Attorney
   Eastern District of Washington
3  Michael D. Murphy
4  Assistant United States Attorney
   402 E. Yakima Avenue, Suite 210
5  Yakima, Washington 98901
   (509) 454-4425
6

7

8                UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF WASHINGTON
9

10

11 | UNITED STATES OF AMERICA,        | 1:23-CR-02071-MKD

12 |                    Plaintiff,    | PLAINTIFF'S REPLY IN

13 |         vs.                      | SUPPORT OF SENTENCING

14 |

15 | BRYAN CHRISTOPHER STEVENSON,

16 |                    Defendant.

17

18

19     The United States of America, by and through Richard R. Barker, Acting

20 United States Attorney for the Eastern District of Washington, Michael D. Murphy,

21

22 Assistant United States Attorney, submits the following Reply in Support of

23 Sentencing Memorandum. The United States filed its sentencing memorandum on

24
   May 12, 2025 (ECF 51) and Defendant filed his sentencing memorandum on May
25
26 16, 2026 (ECF 52).

27     In his Sentencing Memorandum, Defendant quotes from an attached by Dr.
28

GOV'T SENT. MEMO.                    1

Robert Cosby, who he hired to perform a psychosexual evaluation of him during the pendency of this criminal case. Defendant notes that Dr. Cosby opines that he "has few risk factors for future sexual misconduct. He has no history of sexually aggressive or other aggressive behavior." ECF 52, p. 5. At the time Dr. Cosby made his evaluation leading to this claim, the plea agreement had not been entered. However, Dr. Cosby indicated that he had reviewed the majority of the discovery in the case, including victim interviews. ECF 53, Exhibit A, p. 2. As noted in the PSR, the factual basis of the plea agreement, and documented in discovery, Defendant contacted Minor 4 when she was thirteen years old and, in the persona of a teenaged boy, threatened to send images and videos he had obtained from Minor 4 by acting on-line in the persona of a teenaged girl to members of the child's church, her pastor and her parents. ECF 54, ¶¶ 51-54, ECF 46, p. 10.  Minor 4 and her mother were personally known to Defendant. *Id. ¶* 31. An attempt to blackmail or extort masturbation videos from a thirteen year old child, or any other person, is sexually aggressive behavior by any measure, particularly where that person is known to the extortionist.

Defendant also quotes Dr. Cosby's opinion that he is attracted to "teenagers and young adults". ECF 52, p. 6. Defendant's identified victims were as young as eleven years old, in the case of Minor 7 and eleven turning twelve in the case of Minor 8. ECF 46, pp. 11-12, ECF 54, ¶¶ 65-69. In addition, the child pornography found on his devices included images and videos of pre-pubescent minors. *Id.* In

contrast to Dr. Cosby's characterization of Defendant as attracted to teenagers and young adults, when interviewed by law enforcement at the time of his arrest, Defendant told investigators that he had a sexual interest in girls approximately twelve years of age. ECF 46, p. 12. Even after learning Minor 3 was thirteen years of age, Defendant suggested she travel to Yakima to meet with him. ECF 54, ¶ 49. The oldest of Defendant's identified victims was sixteen. *Id.*, ¶ 39. Evidence discovered in the investigation and Defendant's own self-description show a man sexually interested in pre-pubescent and barely pubescent girls, rather than in young adults.

The report prepared for Defendant by Dr. Cosby appears to rely heavily upon the doctor's post-arrest testing of Defendant and his interview of Defendant. It presents a very different view of him than the documented behavior contained in the discovery, minimizing Defendant's actions and his demonstrated sexual interest in pre-pubescent or barely pubescent girls. The psychologist's minimization of Defendant's actions and questionable characterization of Defendant's sexual interests renders his evaluation more a document of advocacy than of assessment. As such, the United States contends that it should be afforded little or no weight in determining an appropriate sentence.

Given the nature and circumstances of this offense, a sentence at the top of the agreed range, that is, of 360 months, is appropriate to protect the public from further crimes and to afford just punishment for Defendant's conduct. The significant

variance for the guideline sentence of life is warranted by Defendant's guilty plea and the victims not having to testify regarding their communications with Defendant and the images he obtained from them. Defendant contends that a 240 month sentence would avoid unwarranted sentencing disparities. However, a 360 month sentence for the enticement of multiple minor girls and the possession of significant amounts of child pornography would not be greatly disparate from other sentences in the Eastern District of Washington. *Cf. United States v. Miguel Urbina*, 20-CR-2049-MKD (300 month sentence for production and possession of child pornography); *United States v. David Franklin*, 23-CR-2026-SAB (360 month sentence for production, transportation, and possession of child pornography); *United States v. Douglas Parsley*, 20-CR-2001-SAB (22 year sentence for attempted production of child pornography). A sentence at the high end of the 11(c)(1)(C) range is appropriate based upon the years of activity by Defendant in persuading and attempting to coerce multiple very young girls to produce child pornography for him.

DATED this 26th day of May, 2025.

RICHARD R. BARKER
Acting United States Attorney

s/Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

<u>s/ Michael D. Murphy</u>
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax: (509) 249-3297